FILED

MAY 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR CASTRO-FUENTES, | No. 12-71558 |
| Petitioner, | Agency No. A077-104-763 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Salvador Castro-Fuentes petitions pro se for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision ("IJ") denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 USC § 1252. We review for substantial evidence factual findings, and review de novo questions of law. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny the petition for review.

The record does not compel the conclusion that Castro-Fuentes established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Further, Castro-Fuentes' contention that the IJ never afforded him an opportunity to present evidence of changed conditions to excuse his untimely asylum application is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims that could have been raised below). Accordingly, his asylum claim fails.

Castro-Fuentes' claim for withholding of removal fails because the record does not compel the conclusion that it is more likely than not he will be persecuted on account of any protected ground if he returns to El Salvador. *See Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir. 2007) (record did not compel conclusion that persecution was more likely than not).

Further, substantial evidence supports the agency's denial of CAT relief because Castro-Fuentes failed to show it is more likely than not he will be tortured with the consent or acquiescence of the Salvadoran government. *See Santos-*

*Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008). We reject Castro-Fuentes' contention that the BIA failed to explain why there was no risk of torture. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). Contrary to his contention, his testimony of continuing violence in El Salvador does not establish eligibility for CAT relief. *See Santos-Lemus*, 542 F.3d at 748; *see also Garcia-Milian v. Holder*, No. 09-71461, 2014 WL 555138, at *6 (9th Cir. Sept 18, 2013), *as amended* (evidence that a government has been ineffective in preventing criminal activities does not raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations).

Finally, we lack jurisdiction to review Castro-Fuentes' remaining contentions regarding voluntary departure and cancellation of removal because he failed to raise them before the BIA. *See Barron*, 358 F.3d at 678.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

12-71558